UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonji Washington Wiley,<br><br>  Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>  Defendant. | Case No. 20-cv-00737 (SRN/KMM)<br><br>**ORDER** |
| Melissa Becker,<br><br>  Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>  Defendant. | Case No. 20-cv-00791 (SRN/KMM) |
| Felicia Yang,<br><br>  Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>  Defendant. | Case No. 20-cv-01397 (SRN/KMM) |

Darren B. Schwiebert, DBS Law LLC, 301 Fourth Avenue South, Suite 280N, Minneapolis, MN 55415, for Plaintiffs.

Avanti Bakane and Benjamin Kinney, Gordon Rees Scully Mansukhani, LLP, 1 North Franklin, Suite 800, Chicago, IL 60606; and Susanne L. Jones, Gordon Rees Scully

1

Mansukhani, LLP, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on two motions filed in three related cases. First, Defendant Portfolio Recovery Associates, LLC ("PRA") moves for judgment on the pleadings [20-cv-00737, Doc. No. 34; 20-cv-00791, Doc. No. 52; 20-cv-01397, Doc. No. 20] in each of the three cases. Second, Plaintiffs Sonji Washington Wiley, Melissa Becker, and Felicia Yang (collectively, "Plaintiffs") each move for partial summary judgment [20-cv-00737, Doc. No. 39; 20-cv-00791, Doc. No. 60; 20-cv-01397, Doc. No. 26]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** PRA's Motions for Judgment on the Pleadings, and **GRANTS** Plaintiffs' Motions for Partial Summary Judgment.

## I. BACKGROUND

These cases arise from PRA's debt collection efforts in Minnesota. PRA sued Plaintiffs individually in state court to collect debts that Plaintiffs allegedly owed on several store credit cards. In each case, PRA served a summons which included the following statement:

> **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427.

2

(Decl. of Darren Schwiebert ("Schwiebert Decl.") [20-cv-00737, Doc. No. 41], Exs. B, J, L, at 1.)[1] The summons also stated that:

> **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

(*Id.*) The person who signed the summons was "Anita Sunde," and the summons provided "PO Box 2427, Fargo, ND, 58108-2427" as her address. (*Id.* at 2.) Below the signature block, the summons contained the following additional information:

> **PERSONAL SERVICE**
> c/o Anita Sunde
> 1112 6th Ave NE
> Dilworth, MN 56529
>
> **SERVICE BY MAIL**
> PO Box 1014
> Moorhead, Minnesota 56560

(*Id.*)

In the state court collection actions, Plaintiffs contended that this summons was defective under Minnesota Rule of Civil Procedure 4.01, which provides that a "summons shall . . . give an address *within the state* where the subscriber may be served in person and by mail." Minn. R. Civ. P. 4.01 (emphasis added). Each of the state courts found that the

---

[1] Where the same document has been filed in each of the three cases, the Court will cite only to the 20-cv-00737 docket as a matter of convenience.

3

summons did not comply with Rule 4.01. (Schwiebert Decl., Ex. A, at 7 ("Clearly, the summons in this case failed to comply with Minn. R. Civ. Pro. 4.01."); Ex. G, at 5 ("Taken as a whole, this summons does not comply with the letter or the spirit of Rule 4.01."); Ex. H, at 3-8 (holding that PRA was precluded from asserting the validity of its summons, and finding that even if issue preclusion did not apply, the summons was defective).)

Plaintiffs commenced these lawsuits, alleging that because the summons violated Rule 4.01, PRA also violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Specifically, Plaintiffs claim that by serving the summons, PRA violated sections 1692e(2), (5), (10), and 1692f(1).[2] (*See generally* Wiley Am. Compl. [20-cv-00737, Doc. No. 7]; Becker Compl. [20-cv-00791, Doc. No. 1]; Yang Am. Compl. [20-cv-01397, Doc. No. 13].) PRA moves for judgment on the pleadings, arguing that Plaintiffs have not plausibly alleged standing and that the summons does not violate the FDCPA as a matter of law. Plaintiffs each move for partial summary judgment as to PRA's liability, arguing that there is no genuine dispute of material fact and PRA's summons establishes its liability under the FDCPA.

## II.   DISCUSSION

### A.   Standard of Review

#### 1.   Motion for Judgment on the Pleadings

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are treated the same as motions to dismiss for failure to state a claim under Rule 12(b)(6).

---

[2] Becker asserts several additional FDCPA claims not premised on the summons, but those claims are not before the Court on the instant motions.

4

That is, in evaluating a motion for judgment on the pleadings, the Court must accept as true the factual allegations in the complaint, must construe all reasonable inferences from those allegations in the light most favorable to the non-moving party, and must only grant the motion if the complaint fails to state a "plausible" claim for relief. *State Farm Auto. Ins. Co. v. Merrill*, 353 F. Supp. 3d 835, 837, 841 (D. Minn. 2018); *see also Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) ("Judgment on the pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law."). The Court ordinarily does not consider matters outside the pleadings on a motion under Rule 12(c). *See* Fed. R. Civ. P. 12(d). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Moreover, "because granting a Rule 12(c) motion 'summarily extinguish[es] litigation at the threshold and foreclose[s] the opportunity for discovery and factual presentation,' courts must treat such motions with the 'greatest of care.'" *Acosta v. Reliance Tr. Co.*, No. 17-CV-4540

5

(SRN/ECW), 2019 WL 3766379, at *7 (D. Minn. Aug. 9, 2019) (quoting *Comcast Cable Commc'ns, LLC v. Hourani*, 190 F. Supp. 3d 29, 32 (D.D.C. 2016)).

### 2. Motion for Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

### B.     PRA's Motions for Judgment on the Pleadings

The Court begins with PRA's Motions for Judgment on the Pleadings. Plaintiffs allege that by serving its summons, PRA violated 15 U.S.C. §§ 1692e(2), (5), (10), and 1692f(1). PRA contends that its summons does not support Plaintiffs' claims under any of these provisions as a matter of law.

The Court will first examine Plaintiffs' § 1692e(5) claims. The FDCPA is structured to provide several general prohibitions, coupled with enumerated subdivisions containing more specific corollaries of those general prohibitions. The general prohibition in § 1692e is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. One of the various corollaries of this prohibition is that a debt collector cannot make a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). The Court notes that, contrary to Plaintiffs' arguments that the statute does not impose a materiality requirement, the Eighth Circuit has held that a violation of § 1692e and its subdivisions must be material. *Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) ("We join the Seventh Circuit and the other circuits that have applied a materiality standard to § 1692e.").

Plaintiffs allege that PRA served on them a defective summons, which threatened to pursue a default judgment based on that defective summons. As discussed further below, Plaintiffs' legal contentions—that the summons violated Minnesota Rule of Civil Procedure 4.01 and constituted a material threat to take an action which cannot legally be taken—are correct. Thus, Plaintiffs plausibly allege a violation of § 1692e(5). Because

7

Plaintiffs need only establish one violation of the FDCPA in order to prevail—and the Court ultimately finds that Plaintiffs are entitled to partial summary judgment on their § 1692e(5) claim—the Court need not consider whether Plaintiffs' additional FDCPA claims are well-pleaded.[3] *See Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 373 n.5 (D. Minn. 2013) ("[A] single violation of the FDCPA is sufficient to expose a defendant to liability for statutory damages." (citation omitted)).

Accordingly, the Court denies PRA's Motions for Judgment on the Pleadings.

### C. Plaintiffs' Motions for Partial Summary Judgment

The Court next turns to Plaintiffs' Motions for Partial Summary Judgment regarding PRA's liability under the FDCPA. Because proof of a single violation of the FDCPA is sufficient to establish liability, the Court's analysis begins and ends with Plaintiffs' § 1692e(5) claims. *See Hartley*, 295 F.R.D. at 373 n.5. In order to establish liability, an FDCPA plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019). In conducting its analysis, the Court bears in mind that "[t]he FDCPA is a

---

[3] PRA also asserts that Plaintiffs have not plausibly alleged a concrete injury sufficient to create standing to sue. Because Plaintiffs have plausibly alleged a threat to take an unlawful action in violation of § 1692e(5), Plaintiffs have standing. PRA's arguments to the contrary are focused on the informational rights protected by § 1692e's general prohibition and § 1692e(10)'s prohibition on the use of false representations and deception—PRA has not persuasively explained why Plaintiffs' § 1692e(5) allegations are insufficient to furnish standing.

8

remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd sub nom. Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001).

PRA disputes whether Plaintiffs have shown that PRA's collection activity arises from a "consumer debt," and whether PRA acted as a "debt collector" with respect to Plaintiffs' debts. PRA contends that Plaintiffs have not established that their store credit cards were used primarily for "personal, family, or household purposes," as required by the statute. *See* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation . . . of a consumer to pay money arising out of a transaction in which the . . . money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . .").

The Court finds that this factual dispute is not genuine. At summary judgment, a party asserting that a genuine dispute of material fact bars summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (citing Fed. R. Civ. P. 56(e)) (internal quotation marks omitted). PRA has not pointed to any evidence in the record which might rebut Plaintiffs' assertions that their debts were incurred for "personal, family, or household purposes." (*See, e.g.*, Mem. in Opp. to Pl.'s Mot. for Summ. J. [20-cv-00737, Doc. No. 48], at 3, 6-7 (summarily stating, "One fact in dispute, however, is the purpose for which Plaintiff incurred her Catherines account balance," and arguing merely that Plaintiffs' allegations are conclusory); *cf., e.g.*, Decl. of Melissa Becker [20-cv-00791, Doc. No. 77] (averring that

9

Becker obtained and used her store card primarily for personal, family, and household purposes).) Consequently, Plaintiffs' unrebutted evidence establishes the first two elements of FDCPA liability.

The question for the Court is, therefore, whether PRA engaged in an act or omission prohibited by the FDCPA—namely, making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). This question hinges on whether (1) PRA's summons was legally defective, (2) whether PRA threatened to pursue default judgments based on that summons, and (3) whether the summons's defects prevented PRA from obtaining a legally valid default judgment.

The Court finds that PRA's summons violated Minnesota Rule of Civil Procedure 4.01, and was therefore legally defective. Plaintiffs urge the Court to apply issue preclusion principles to estop PRA from asserting the summons's validity, in light of the state court decisions finding it invalid. PRA contends that issue preclusion does not apply, and that the Court is not bound by the decisions of the state courts. The Court need not determine whether issue preclusion applies, because PRA's summons plainly violated Rule 4.01. Rule 4.01 requires each summons to "give an address *within the state* where the subscriber may be served in person and by mail." Minn. R. Civ. P. 4.01 (emphasis added). PRA's summons unequivocally directed Plaintiffs to serve their Answers at a North Dakota address. (Schwiebert Decl., Exs. B, J, L, at 1 ("You must send a copy of your Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427.").) To be sure, the summons also stamped two additional addresses, within Minnesota, at the end of the summons under the headings "Personal Service" and "Service by Mail." (*Id.* at 2.) But the

10

address stated in the body of the summons, and the address provided below the signature of "the person who signed this summons," was the North Dakota address. Like each of the state courts to address this issue, the Court finds that the summons did not comply with Rule 4.01.

The Court also finds that PRA's defective summons contained the threat to pursue default judgments against Plaintiffs if they failed to serve their Answer to the North Dakota address. Shortly after stating that Plaintiffs "must" serve their Answers to the North Dakota address, the summons warned: "**YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS,**" whose signature was subscribed with the same North Dakota address. (*Id.*) The clear implication of PRA's summons was that if Plaintiffs did not comply with PRA's directive, PRA would seek a default judgment. *See* Minn. R. Civ. P. 4.01 (requiring that each summons "notify the defendant that if the defendant fails to [serve an answer] judgment by default will be rendered against the defendant for the relief demanded in the complaint"); *Peterson v. W. Davis & Sons*, 11 N.W.2d 800, 803 (Minn. 1943) (noting that the purpose of a summons is "to give the defendants notice that a proceeding has been instituted against them, and unless an answer or other pleading is interposed judgment will be entered").

Finally, the Court finds that PRA's threat to obtain a default judgment based on its defective summons constitutes a "threat to take an[] action that cannot legally be taken" under § 1692e(5). PRA argues that it did not threaten to take an illegal action because it was legally entitled to collect on the underlying debt. PRA was not, however, legally

11

entitled to obtain a default judgment based on its defective summons. *See Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn. Ct. App. 2000) ("A judgment entered without due service of process must be vacated under Minn. R. Civ. P. 60.02." (quoting *Blaeser & Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98, 100 (Minn. Ct. App. 1992))); Schwiebert Decl., Ex. G, at 6 (finding that PRA's defective summons constituted an independent, alternative ground for vacating the default judgment entered against Wiley). Because PRA threatened to obtain a default judgment based on its defective summons—an "action that cannot legally be taken"—the Court finds that PRA violated § 1692e(5), and that its violation was material under *Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343, 346 (8th Cir. 2018).[4] Since a single violation of the FDCPA suffices to establish liability, the Court need not address Plaintiffs' remaining FDCPA claims.[5] *Hartley*, 295 F.R.D. at 373 n.5.

Accordingly, the Court grants Plaintiffs' Motions for Partial Summary Judgment as to PRA's liability under the FDCPA.

---

[4] Although PRA argues that the summons does not contain a material misrepresentation under § 1692e(10), PRA does not explain why the materiality requirement is not satisfied with respect to Plaintiffs' § 1692e(5) claims.

[5] PRA challenges Plaintiff's standing not only in its Motions for Judgment on the Pleadings, but also in its opposition to Plaintiffs' Motions for Partial Summary Judgment. As explained above, *supra* note 3, PRA's standing arguments are focused on Plaintiffs' allegations that PRA violated Plaintiffs' informational rights under the FDCPA. PRA has not persuasively explained why Plaintiffs do not have standing to assert that PRA's threat to obtain default judgments based on its defective summons violated the FDCPA, and the Court finds that Plaintiffs have standing to assert such a claim.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions for Judgment on the Pleadings [20-cv-00737, Doc. No. 34; 20-cv-00791, Doc. No. 52; 20-cv-01397, Doc. No. 20] are **DENIED**; and

2. Plaintiffs' Motions for Partial Summary Judgment [20-cv-00737, Doc. No. 39; 20-cv-00791, Doc. No. 60; 20-cv-01397, Doc. No. 26] are **GRANTED**.

**IT IS SO ORDERED.**


Dated: March 1, 2021                                    s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge